```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

IN RE:
COLONY BEACH & TENNIS CLUB
ASSOCIATION, INC.,

       Debtor,
_____/


WILLIAM MALONEY, as Chapter 7
Trustee for COLONY BEACH &
TENNIS CLUB, LTD.,

       Appellant,

v.                                    Case No. 8:13-cv-480-T-33
                                      Bankr. No. 8:08-bk-16972-KRM

COLONY BEACH & TENNIS CLUB
ASSOCIATION, INC.,

       Appellee.
_____/

**ORDER**

    This matter comes before the Court on appeal from the Bankruptcy Court's Order denying Partnership Trustee's Motion (I) to Vacate Administrative Claim and (II) for an Entry of an Order Allowing Administrative Expense Claim, filed on October 24, 2012. (Doc. # 1-2). For the reasons stated below, the Court affirms the Bankruptcy Court's Order.

**I.**    **Background**

Appellee Colony Beach & Tennis Club Association, Inc. (the Association) was formed in 1973 as a not-for-profit condominium association for the Colony Beach & Tennis Club on Longboat Key, Sarasota County, Florida. (Doc. # 35 at 7). In 2008, the Association filed its Chapter 11 bankruptcy petition in Case No. 8:08-bk-16972-KRM. (Id.). As part of this proceeding, Appellant Colony Beach & Tennis Club, Ltd. (the Partnership) "requested allowance of a priority administrative expense . . . for alleged post-petition expenses incurred by the Partnership in operating the resort hotel." (Id. at 8). On November 12, 2009, the Bankruptcy Court entered an Order denying the Partnership's request. (BK Doc. # 289).

Thereafter, on April 4, 2012, the Partnership filed a Motion to Vacate the Bankruptcy Court's November 12, 2009, Order. (BK Doc. # 321). The thrust of the Partnership's argument stemmed from the proceedings in a related adversarial action (Case No. 8:08-ap-567-KRM). (Id.). Specifically, on July 27, 2011, the Honorable Steven D. Merryday, United States District Court Judge, reversed one of the Bankruptcy Court's orders in the adversary proceeding. In re Colony Beach & Tennis Club Ass'n, Inc., 456 B.R. 545 (M.D. Fla. 2011). In doing so, the District Court stated, "each

2

order of the bankruptcy court in this action that is inconsistent with this order [is] reversed." Id. at 566. The District Court found that the Association was obligated, pursuant to its Declarations and Florida law, to pay for maintenance and repair expenses related to the Resort's common areas. See Id. On October 12, 2011, the District Court remanded the case to the Bankruptcy Court for further proceedings "consistent with" its ruling. (AP Doc. # 145).[1]

Upon review of (1) the District Court's Orders in the adversary proceeding and (2) its prior order in the Chapter 11 case, the Bankruptcy Court entered an Order denying the Partnership's Motion to Vacate. (Doc. # 1-2; BK Doc. # 343). On November 19, 2012, the Partnership appealed the Bankruptcy Court's Order denying the Motion to Vacate. (BK Doc. # 364). The parties filed a Joint Motion to Stay Appeal on March 13, 2013 (Doc. # 9), which this Court granted on March 14, 2013 (Doc. # 10). On November 12, 2014, the Partnership filed an unopposed Motion to Lift Stay of Instant Appeal and Reopen Case (Doc. # 26), which this Court granted on November 13, 2014 (Doc. # 27).

---

[1]   The Association appealed Judge Merryday's Orders, but on March 2, 2012, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. (Case No. 11-14838-F).

3

Although this case is part of a much larger action, the issue presently before the Court is a narrow one. Specifically, this Court's analysis is limited to the Bankruptcy Court's Order denying the Motion to Vacate its previous Order. (Doc. # 1-2).

## II. **Standard of Review**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a).

When an appeal arises from a bankruptcy court's interpretation of its own prior order – as in the present case – the Eleventh Circuit has indicated that the appellate court must provide appropriate deference:

> In considering the bankruptcy court's interpretation of the effect of its own order, we apply a different standard of review. While we have not definitively articulated that standard, we have said that "we are reluctant to disturb a bankruptcy court's judgment interpreting its own earlier order," and that the "bankruptcy judge who has presided over a case from its inception is in the best position to clarify any apparent inconsistencies in the court's rulings."

In re Optical Techs., Inc., 425 F.3d 1294, 1300 (11th Cir.

2005) (citing In re Ranch House of Orange-Brevard, Inc., 773 F.2d 1166, 1168 (11th Cir. 1985)).

The Eleventh Circuit has noted that "other circuits that have considered this question have uniformly agreed that our 'reluctan[ce] to disturb a bankruptcy court's judgment' in this context is akin to the reluctance we exhibit when exercising abuse of discretion review." Id. (quoting In re Consol. Indus. Corp., 360 F.3d 712, 716 (7th Cir. 2004) ("We will not reverse a [bankruptcy] court's interpretation of its own order unless it is a 'clear abuse of discretion,' because a court that issued an order is in the best position to interpret it.")); In re Dial Bus. Forms, Inc., 341 F.3d 738, 744 (8th Cir. 2003) (adopting abuse of discretion review and collecting cases from the Second, Fifth, and Sixth Circuits that have done the same). The Eleventh Circuit has expressly adopted this view, deferring to a bankruptcy court's interpretation of its order "unless it clearly abused its discretion." Id.

Moreover, "[i]t is well settled that 'an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.'" Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1021 (11th Cir. 1982) (citing Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1968)).

5

Instead, an appeal in that posture restricts a court's review to whether the lower court abused its discretion in refusing to set aside the original judgment. Jester v. United States, 714 F.2d 97, 99 (11th Cir. 1983); see, e.g., Jackson, 678 F.2d at 1020.

## III. Analysis

The Partnership presents four issues on appeal (Doc. # 29 at 7), and the Court will address each in turn. To begin, the Court considers "[w]hether the Partnership is entitled to relief from a final order denying its administrative claim pursuant to Fed. R. Civ. P. 60(b)(5) or 60(b)(6) once the legal basis for the bankruptcy court's denial of the claim was reversed and vacated on appeal." (Id.). Federal Rule of Civil Procedure 60(b) permits relief from a final judgment where:

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5)-(6).

Upon review of its earlier Order and the District Court's Order, the Bankruptcy Court concluded that the Partnership was not entitled to relief under Fed. R. Civ. P. 60(b)(5).

6

(Doc. # 1-2 at 6-7). As an initial matter, the District Court's Reversal Order stated: "[T]he challenged orders of the bankruptcy court and each order of the bankruptcy court *in this action* that is inconsistent with this order are REVERSED." In re Colony Beach, 456 B.R. at 566 (emphasis added). The Bankruptcy Court noted that the Order denying the Administrative Claim was filed in the "main Chapter 11 case, not in the action, AP 567, that was before the District Court on appeal." (Doc. # 1-2 at 4). Therefore, the Bankruptcy Court concluded that "[i]n the absence of an instruction to this Court to vacate the final, unappealed order denying the Partnership's post-petition expenditures as administrative expenses of the bankruptcy estate, such order should remain undisturbed." (Id.).

Further distinguishing the District Court Orders from its own, the Bankruptcy Court explained that its Order on the Administrative Expense Claim "was not based solely on the judgment in AP 567 that has been reversed." (Id. at 6). Specifically, the Bankruptcy Court noted:

> Although this Court did reference (in a footnote) its reliance on its findings of fact and conclusions of law in AP 567, such findings of fact and conclusions of law were not the sole basis for the denial of the administrative expense priority claim.

7

(Id. at 6-7).

The Bankruptcy Court similarly concluded that "[t]he Administrative Expense Order is not a 'prospective' judgment that must be altered under Rule 60(b)(5)." (Id. at 7). In determining whether a judgment is "prospective" in nature, a court considers whether the judgment is "executory" or involves "supervision of changing conduct or conditions." Twelve John Does v. D.C., 841 F.2d 1133, 1139 (D.C. Cir. 1988). In the present matter, the Bankruptcy Court determined that its Order denying the Administrative Expense Claim was not a "prospective" judgment meriting relief. (Doc. # 1-2 at 7). "The Administrative Expense Order denied a monetary claim against the Association because the payments made were not proven to be an actual or necessary expense of preserving the estate." (Id.).

Furthermore, the Bankruptcy Court considered the application of Fed. R. Civ. P. 6(b)(6). On its face, Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

However, the Supreme Court has cautioned that Rule 60(b)(6) relief should only be granted in "extraordinary circumstances." Id.

The Bankruptcy Court concluded that Fed. R. Civ. P. 60(b)(6) does not apply, because there are "no extraordinary circumstances which would warrant the relief requested." (Doc. # 1-2 at 7); see Bradford v. Unum Life Ins. Co. of Am., 224 F. App'x 937, 938 (11th Cir. 2007) ("The Rule 60(b) movant carries a heavy burden to show that the circumstances were sufficiently extraordinary to warrant relief."). "It was the Partnership and [Colony Beach & Tennis Club, Inc.] who declined to preserve their rights to challenge the denial of the post-petition payments as administrative expense claims." (Id.) (citing Ackermann v. United States, 340 U.S. 193 (1950)). This Court agrees that Fed. R. Civ. P. 60(b)(6) does not apply.

Finally, the Court's analysis turns to the Partnership's three remaining issues submitted on appeal. Those issues are as follows:

> Whether the Partnership's payment of repairs and common area expenses constituted (i) "actual, necessary costs and expenses" of preserving the bankruptcy estate of a condominium association under 11 U.S.C. § 503(b)(1)(A), and/or (ii) a substantial contribution to the bankruptcy estate

9

> of a condominium association under 11 U.S.C. § 503(b)(3)(D).
>
> Whether a claim of unjust enrichment can form the basis of an administrative claim where a condominium (i) had the responsibility to provide common area maintenance; (ii) accepted the benefits of common area maintenance expenses; and (iii) refused to pay for those expenses.
>
> Whether the Partnership is entitled to reconsideration of a Final Order denying its Administrative Claim pursuant to Fed. R. Bank. P. 3008.

(Doc. # 29 at 7). To the extent these issues relate to the underlying judgment, they are not before this Court. As discussed, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder, 434 U.S. at 263 n.7. Indeed, "[t]he well-recognized rule . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal." Burnside v. E. Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975). Moreover, the Partnership's request for reconsideration pursuant to Fed. R. Bank. P. 3008 and claim for unjust enrichment are raised for the first time on appeal. The Eleventh Circuit has long held that issues not raised below cannot be raised for the first time on appeal. See Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339 (11th Cir. 2013) (holding that arguments not

raised below are waived for appeal). Therefore, the Court's analysis does not reach these issues.

Having considered the arguments presented by both parties and the record before the Court, this Court finds that the Bankruptcy Court did not abuse its discretion in denying the Partnership Trustee's Motion (I) to Vacate Administrative Claim and (II) for Entry of an Order Allowing Administrative Expense Claim. Rather, the Bankruptcy Court's thorough and thoughtful discussion of the Partnership's entitlement to relief under Fed. R. Civ. P. 60(b) should remain undisturbed. As the Eleventh Circuit has cautioned, "the bankruptcy judge who has presided over a case from its inception is in the best position to clarify any apparent inconsistencies in the court's rulings." In re Optical Techs., Inc., 425 F.3d 1294, 1300 (11th Cir. 2005) (internal quotations omitted). Therefore, the Bankruptcy Court's Order is affirmed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Bankruptcy Court's Order dated October 24, 2012, denying Partnership Trustee's Motion (I) to Vacate Administrative Claim and (II) for an Entry of an Order

Allowing Administrative Expense Claim (Doc. # 1-2), is **AFFIRMED**.

(2) The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and, thereafter, **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of April, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record